KENNARD, J., Dissenting.
This case, first before this court in 2009, concerns a dispute between a local parish and a national church organization over ownership of certain property. Today, this case is again before this court.
In the earlier decision, captioned Episcopal Church Cases (2009) 45 Cal.4th 467 [87 Cal.Rptr.3d 275, 198 P.3d 66], this court reviewed the Court of Appeal’s decision holding that when a secular court is asked to resolve an intrachurch property dispute, the “principle of government” standard must be applied, as this is the test that California has adopted for that purpose. Under that test, the courts must, as to disputes involving a hierarchical church, accept decisions made by the highest level of the church hierarchy. Under an alternative test, the “neutral principles of law” approach, secular courts decide church property disputes by applying general, that is, neutral, concepts of trust and property law to the issue at hand.
In the earlier decision, the majority adopted the “neutral principles of law” approach. (Episcopal Church Cases, supra, 45 Cal.4th 467, 473.) In a concurring and dissenting opinion, I agreed with the Court of Appeal that, as reflected in Corporations Code section 9142, California had adopted the “principle of government” approach for resolving intrachurch disputes about ownership of church property.
On remand to the trial court, the national church organization unsuccessfully moved for judgment on the pleadings. The church then petitioned the Court of Appeal for a writ of mandate, which the appellate court granted, directing the trial court to enter a new order granting the church’s motion for judgment on the pleadings, thus resolving the property dispute in favor of the national church organization. In the Court of Appeal’s view, certain language in the majority’s earlier decision in Episcopal Church Cases, supra, 45 Cal.4th 467, conclusively determined that the national church organization owns the property in dispute. Having granted the local parish’s petition for review, the case is once again before us, this time captioned Rasmussen v. Superior Court.
*810 In this second round, I adhere to the view expressed in my concurring and dissenting opinion in the earlier decision. Applying the “principle of government” approach here, I conclude that the Court of Appeal acted correctly when it granted the national church organization’s petition for a writ of mandate and directed the trial court to grant the church’s motion for judgment on the pleadings. Therefore, unlike the majority, which reverses the Court of Appeal’s judgment in the matter now before us, I would affirm that court’s judgment.